METROPOLITAN MUT. SAVINGS & LOAN ASS'N, Appellant, v. SMITH et al., Respondents. (Supreme Court, Appellate Division. Fourth Department. June 5, 1900.) Action by the Metropolitan Mutual Savings & Loan Association against Jacob Smith and another. From a judgment in favor of plaintiff, and ordering a foreclosure and sale of the premises described in the complaint, plaintiff appeals. Affirmed, providing defendant shall consent to an increase of $17.80 in the judgment in favor of plaintiff; otherwise, reversed. Irving W. Cole, for appellant. Henry Adsit Bull, for respondents.

LAUGHLIN, J. The action is brought to foreclose a mortgage executed by the defendants to the plaintiff on the 25th day of August, 1898. The questions presented by the appeal are: (1) Is the amount specified in the decree the full amount due and owing on the mortgage? (2) Was the award of costs to the defendants justified? Plaintiff is a mutual savings and loan association, incorporated pursuant to the provisions of chapter 122 of the Laws of 1851. The defendant Jacob Smith became a member of the plaintiff association on the 22d day of August, 1898, agreeing to take 12 shares of common stock, class A. On that day he filed with the plaintiff an application in writing for a loan of $1,200 on said shares, upon which he had made no payment, and offered as security the premises described in the complaint, which were subject to lien of a mortgage for $800 and interest thereon from June 1, that year. The loan was allowed, and the substance of the agreement, which was evidenced by the application, an assignment of the stock executed by Jacob Smith, and a bond and mortgage executed by him and the defendant Magdalena Smith, his wife, bearing date the 22d day of August, 1898, was as follows: The bond and mortgage were to secure the payment of the sum of $1,200 and interest, but the association was to advance only $400, reserving the remainder to protect itself against said mortgage for $800, upon which, provided the member lived up to his contract obligation, the association was to pay the interest as the same fell due, and, at the maturity of the stock or when there should be sufficient to the credit of the stock to warrant such action, the association was to pay off the prior mortgage. In case the member defaulted in making any payment of interest, dues, or premium, the assignment of stock was to become absolute at the election of the association, and all credits to the stock might then be appropriated by it to the payment of any indebtedness owing by the member, including costs of foreclosure; and in case of such default for three months the association might, at its option, declare the whole amount due. The member was to pay all necessary expenses of procuring the loan, which were to be deducted from the amount loaned, and was to pay promptly on the third business day of each month, commencing with the month of August, 1898, until the maturity of the shares, and until sufficient moneys should be to the credit thereof in dues paid and profits apportioned to pay the principal and all fines and fees, monthly dues of 25 cents on each of said shares, and a similar amount for installments. The action was commenced on the 9th day of March, 1899. The complaint alleges that the member defaulted in all monthly payments after October 3, 1898, down to and including March 3, 1899, but that he paid the monthly payments of $12 each for the months of August, September, and October, 1898; that plaintiff has elected, pursuant to the assignment, to declare, and has declared, said assignment of stock absolute, and has canceled the shares and appropriated all credits thereto upon the amounts due on the loan; that plaintiff advanced $400 on the loan, for which amount, together with interest, dues, and premium on the whole amount secured by the mortgage, plaintiff demands judgment. The answer denies that plaintiff advanced $400. This issue of fact was properly presented and fully litigated upon the trial, and we find no error in that regard. The defendant Jacob Smith received checks from the association, payable to his order, for the full amount of $400. One of these checks was for the sum of $186.39. The evidence shows that this check was delivered to him at the office of plaintiff's attorney on the 1st day of September, 1898, and that he indorsed and redelivered it to plaintiff's representative, as requested. It was conceded by the pleadings and on the trial that of this amount the sum of $66.39 was a proper charge against the member for legitimate expenses of procuring the loan, and for dues, interest, and premium on the loan for the first three months. The court has found that the remainder of the proceeds of this check, being the sum of $120, was never delivered to the member. This finding is warranted by the evidence, and, if the issue had been properly presented, it might have defeated a foreclosure at this time; for it thus appears that the plaintiff retained from the loan more than sufficient to pay all that became due or owing to the plaintiff from the defendant Jacob Smith prior to the commencement of the action. But, inasmuch as the trial court has seen fit to decree a foreclosure and the defendants have not appealed, that question is not presented. The decision was made as of October 12, 1899, and the amount found due thereby for principal and interest is $311.70. The court, in its discretion, evidently on account of the fact that a large part of the loan was wrongfully withheld, awarded costs to the defendant. The balance thus found due and owing to the plaintiff is somewhat inaccurate, owing to an error in the method of computing the same. The court did not allow plaintiff for the $36 deducted in advance from the check for $186.39, on account of dues, interest, and premium for the months of August, September, and October, 1898; but the propriety of this charge was conceded by the pleadings and ad-

mitted on the trial. The court also figured on 11 shares of stock; but there were in fact 12 shares. The complaint does not allege on what date plaintiff elected to declare a forfeiture of the shares, nor was any proof made on that subject; but we think it may be fairly inferred, from the allegations of the complaint and the time of commencing the action, that the forfeiture was declared as of the 3d day of March, 1899. The rights of the parties under the contracts must be determined as they existed on that day, in view of the action taken in declaring the forfeiture. Having declared a forfeiture of the stock, the association could no longer justly claim dues or premiums thereon, and having elected to reduce the loan to the amount advanced thereon and to terminate its liability to pay interest on the $800 mortgage, or to pay the principal thereof, it could no longer collect interest on that amount. The $36 deducted from the loan paid the plaintiff in full to October 3, 1898. On the 3d day of March, 1899, there was due and owing to plaintiff five monthly installments of $9 each for interest and premium on the $1,200, which, on that day, together with interest on each installment from the time it became due, aggregated $45.45. There was then also due and owing to plaintiff $3 for dues on said shares of stock which fell due on the 3d day of November, 1898, and $3 which fell due on the 3d day of December, 1898, together with interest thereon, aggregating $6.11. The dues subsequent to December 3, 1898, were expressly waived on the trial. Plaintiff advanced to defendant on the loan the sum of $280, which, together with the amount of dues, interest, and premium, as hereinbefore stated, aggregated $331.56. From this amount should be deducted $3.66, the interest to March 3, 1899, on the $120 unjustly retained by plaintiff, leaving a balance of $327.90, from which should also be deducted $10, the accrued interest on the mortgage for $800, which equity requires should be deducted, since plaintiff is allowed interest on the whole amount of $1,200 to March 3, 1899, leaving as a balance $317.90 due and owing to plaintiff by the defendant Jacob Smith on the 3d day of March, 1899, on account of said loan. The interest on this amount to the date of the decision is $11.60. It thus appears that there was owing to the plaintiff at the time of the decision the sum of $329.50, instead of $311.70, as found in the decision, which indicates an error of $17.80 to the prejudice of plaintiff; but, if the defendant shall stipulate that this correction may be made, there will be no necessity for a new trial. If, therefore, defendant shall stipulate, within 10 days after service of a copy of the order herein, that the amount found due and owing to the plaintiff, by the decision of the court and the judgment entered thereon, may be increased by $17.80, as of the date of entry of the judgment, the judgment shall be so modified, and, as thus modified, affirmed, without costs of this appeal to either party, and defendant shall be given 30 days in which to pay the amount due, in default of which plaintiff shall have judgment of foreclosure and sale; but, if defendant shall not so stipulate, then the judgment is reversed, and a new trial granted, with costs to appellant to abide the event.